IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

**MATRIX RESOURCES, INC.,**

              Plaintiff,

v.

**ANDREW McKNIGHT and
PIVOCITY, LLC,**

              Defendants.

**CIVIL ACTION NO.**

_____

## COMPLAINT

Plaintiff MATRIX Resources, Inc. ("Plaintiff" or "MATRIX") files this Complaint against Defendants Andrew McKnight ("McKnight") and Pivocity, LLC ("Pivocity") (collectively "Defendants") for injunctive relief and damages and shows the Court as follows:

### INTRODUCTION

1. MATRIX employed McKnight as a Senior Agile Coach and Delivery Manager from April 2017 until McKnight's voluntary resignation from MATRIX effective December 4, 2018.

2. McKnight formed a competing company, Pivocity, during his employment with MATRIX in 2018. McKnight and Pivocity began performing services in competition with MATRIX after McKnight resigned from his MATRIX

1

employment.  On information and belief, McKnight and Pivocity began soliciting services in competition with MATRIX before McKnight's resignation from MATRIX's employment.  Since leaving MATRIX, McKnight has solicited MATRIX clients and performed competitive services in violation of his restrictive covenants and has further utilized Pivocity to solicit and/or perform competitive services in violation of McKnight's restrictive covenants.  McKnight has further violated his confidentiality obligations to MATRIX, and Defendants have utilized that confidential business information for profit.

3. MATRIX brings this action to enforce the restrictive covenants and protect its trade secrets and confidential information.  MATRIX seeks injunctive relief to restrain and enjoin McKnight's and Pivocity's unlawful competition and solicitation and to recover damages for the injuries Defendants have caused MATRIX.

## THE PARTIES

4. MATRIX is a domestic profit corporation with its principal office at 1000 Abernathy Road, NE, Suite 500, Atlanta, Georgia 30328.

5. McKnight is an adult resident of Texas and may be served with process at his residence at 4119 Kirkmeadow Lane, Plano, Texas 75287 or wherever he may be found.

6.  Pivocity is a Texas Limited Liability Corporation that registered with the Texas Secretary of State on November 26, 2018.  Pivocity may be served with process via its registered agent McKnight at 4119 Kirkmeadow Lane, Plano, Texas 75287.

## JURISDICTION AND VENUE

7.  This Court has jurisdiction over the claims at issue pursuant to 28 U.S.C. §1332 because complete diversity of citizenship exists between Plaintiff and Defendants and the amount in controversy is in excess of $75,000.00, exclusive of interest and costs.

8.  McKnight is subject to the jurisdiction of this Court because McKnight entered into the Professional Services Employment Agreement with MATRIX on April 6, 2017, a copy of which is attached as Exhibit A ("the Agreement"); provided services on behalf of and/or generated income in Georgia while working for MATRIX; routinely communicated with MATRIX's principal office in Georgia, reported directly to MATRIX's Vice President of Professional Services in Georgia, and accessed its computer systems; currently advertises and offers services to businesses including those in Georgia; and specifically agreed that his obligations under the Agreement were subject to Georgia law.  In addition, McKnight is otherwise subject to the jurisdiction of this Court based on his contacts with the State of Georgia.

9. Pivocity is subject to the jurisdiction of this Court because its principal and owner McKnight engaged in the conduct outlined in Paragraph 7, it advertises and offers services to businesses nationwide including those in Georgia, and it maintains business contacts with businesses in Georgia.  In addition, Pivocity is otherwise subject to the jurisdiction of this Court based on its contacts with Georgia.

10. Defendants are also subject to the jurisdiction of this Court due to their actions resulting in damage to Plaintiff in this state and because they regularly solicit business in this state.  Venue is proper in this District pursuant to 28 U.S.C. §§1391(b)(2) and/or (3).

### Relevant Facts

11. MATRIX provides professional staffing, agile transformation, and digital transformation services to its clients in Georgia and across the United States. With respect to agile transformation services, MATRIX's professional services group provides discovery, development, tailored training, transformation coaching, leadership enablement, and other services to its clients in Georgia and across the United States.

12. On or about April 6, 2017, McKnight signed the Agreement and became a professional services employee at MATRIX.  McKnight's primary area of focus at MATRIX was to provide and upsell Agile services to MATRIX's clients.

4

13.  Among other provisions, the Agreement contains restrictive covenants including non-solicitation, non-competition and confidentiality provisions.

14. As a professional services employee, McKnight marketed and provided MATRIX consulting and training services to multiple MATRIX clients.  During McKnight's employment, MATRIX provided confidential and trade secret information to McKnight for use in his professional services work with MATRIX clients.

15. McKnight customarily and regularly solicited clients and prospective clients for MATRIX.  He also customarily and regularly engaged in obtaining orders or contracts for MATRIX's professional services.

16. McKnight's responsibilities included providing services to MATRIX's client Hilti, Inc., with which he had "Material Contact" within the meaning of the Agreement.  By virtue of the highly specialized nature of MATRIX's services and his work for MATRIX, McKnight developed selective, specialized skills and abilities.

17. As a MATRIX employee, McKnight was given access to and possessed confidential and trade secret information important to MATRIX's business. McKnight's employment with MATRIX gave him possession of MATRIX's client contact information, pricing, and other client information.

18. Because of his work for MATRIX, McKnight had exposure to MATRIX clients Hilti, Inc., AmerisourceBergen, and others and developed a high level of influence with MATRIX's clients.

19. In November 2018, McKnight formed Pivocity and registered it as a Texas Limited Liability Corporation, naming himself Pivocity's Registered Agent.

20. With knowledge of his contractual obligations, McKnight moved ahead with his plan to start his own business, Pivocity, end his MATRIX employment, and provide the same services to Hilti, Inc. through Pivocity.

21. In December 2018, immediately after resigning from MATRIX's employment McKnight acknowledged the restrictive covenants under the Agreement and asked MATRIX whether it would consider a "buy out" from his Agreement. MATRIX refused to agree to any change to the Agreement and reminded McKnight of his contractual obligations in correspondence.  Defendants also solicited Hilti, Inc. to provide the same services McKnight had been providing to Hilti, Inc. while employed by MATRIX and further encouraged Hilti, Inc. to ask MATRIX for a rate reduction and removal of non-solicitation language.

22. On information and belief McKnight and/or Pivocity had direct contact with MATRIX client(s) regarding his plan to compete with MATRIX and solicited competitive services with MATRIX client(s) while McKnight was still employed

with MATRIX.

23. McKnight has continued to provide Agile training services to Hilti, Inc. since his separation date with MATRIX in direct violation of his restrictive covenants. McKnight and Pivocity have further solicited Hilti, Inc. and at least one other MATRIX client with whom McKnight had "Material Contact" within the meaning of the Agreement for additional services. McKnight and Pivocity placed at least one other employee, Chris Risen, in a full-time consultant role at Hilti, Inc. and have sought to place additional employees at MATRIX clients.

24. On information and belief McKnight is in possession of MATRIX's confidential information and has shared that information with, at minimum, Pivocity.

25. McKnight and Pivocity continue to engage in solicitation and/or competition prohibited under the terms of the Agreement.

**COUNT I: BREACH OF FAITHFUL SERVICE OBLIGATIONS IN AGREEMENT**

26. MATRIX repeats and re-alleges each and every allegation set forth above as if fully set forth herein.

27. The Agreement imposed on McKnight the requirement in Paragraph 2 that he provide MATRIX with "Faithful Service" during his employment. In Paragraph 2 McKnight agreed that he would "avoid conflicts of interest while employed" by MATRIX, and that "[i]t will be a conflict of interest for [McKnight] to

pursue business activities that compete with MATRIX while employed."
Similarly, in Paragraph 7 of the Agreement, McKnight agreed that he would not
provide "Services" to any MATRIX client which are the same as the "services"
he was providing to any MATRIX client under the terms of the Agreement.

28. The obligations in Paragraphs 2 and 7 of the Agreement are valid and
enforceable.

29. McKnight blatantly breached these obligations.

30. Upon information and belief, McKnight, while employed with MATRIX, was
also engaged in pursuing business activities that compete with MATRIX and
was also employed and engaging in business with Pivocity, a direct competitor
of MATRIX.

31. As a direct and proximate result of McKnight's breaches, MATRIX has
suffered and continues to suffer damages.

32. MATRIX is entitled to an award of any and all damages already caused
by McKnight's breaches of his obligations in an amount to be determined and
proven at the time of trial.  MATRIX is further entitled to recover its attorneys'
fees and the costs of this litigation under the express terms of the Agreement.

33. Alternatively, McKnight has acted in bad faith and has caused MATRIX unnecessary trouble and expense. MATRIX is therefore entitled to an award of its attorneys' fees and the costs of this litigation pursuant to O.C.G.A. § 13-6-11.

## COUNT II:  BREACH OF THE NONSOLICITATION COVENANT IN THE AGREEMENT

34. MATRIX repeats and re-alleges each and every allegation set forth above, as if fully set forth herein.

35. Among other duties, the Agreement imposes on McKnight certain restrictions with respect to MATRIX clients as set forth in Paragraph 6 of the Agreement.

36. Paragraph 6 of the Agreement is valid and enforceable under Georgia law.

37. Paragraph 6 of the Agreement prohibits McKnight, for a period of twelve months after his voluntary termination from MATRIX's employment, from "directly or indirectly" and on his own or Pivocity's behalf, "solicit[ing] or attempt[ing] to solicit business from any Client … of MATRIX with whom [McKnight] had Material Contact for the purpose of providing services which are competitive to the type of Services provided to such Client under this Agreement."

38. McKnight has breached and is in breach of Paragraph 6 of the Agreement.

39. At minimum, McKnight solicited Hilti, Inc. and AmerisourceBergen, two MATRIX clients with whom he had "Material Contact" during his employment and for whom he provided "Services" on MATRIX's behalf under the Agreement for the purpose of providing competitive services.

40. As a direct and proximate result of McKnight's breach, MATRIX has suffered and continues to suffer damages.

41. MATRIX should recover an award of any and all damages already caused by McKnight's breach of Paragraph 6 of the Agreement in an amount to be determined and proven at the time of trial. MATRIX is also entitled to recover its attorneys' fees and the costs of this litigation under the terms of the Agreement.

42. Alternatively, McKnight has acted in bad faith and has caused MATRIX unnecessary trouble and expense. MATRIX is therefore entitled to an award of its attorneys' fees and the costs of this litigation pursuant to O.C.G.A. § 13-6-11.

**COUNT III: Breach of Confidentiality Provisions in the Agreement**

43. MATRIX repeats and re-alleges each and every allegation set forth above, as if fully set forth herein.

44. Pursuant to Paragraph 4 of the Agreement, McKnight acknowledged his duty of confidentiality. Specifically, McKnight understood that he would be given access

to MATRIX's confidential business information and trade secrets as part of his employment and agreed "that during employment with MATRIX and for so long as Confidential Information or a Trade Secret remains Confidential Information or a Trade Secret … [McKnight] shall not, directly or indirectly, divulge, disclose, communicate, transfer or make use of any Confidential Information or Trade Secrets of MATRIX or any Client other than in the performance of [McKnight's] duties under this Agreement."

45. In Paragraph 8 of the Agreement, McKnight also agreed to return all MATRIX and/or Client property upon termination of his employment, including any such confidential business information.

46. McKnight's obligations in Paragraphs 4 and 8 of the Agreement are valid and enforceable.

47. McKnight breached his obligations under Paragraphs 4 and 8 of the Agreement by, at minimum, providing MATRIX's confidential business information to Pivocity during his employment with MATRIX and/or after his employment with MATRIX ended and by failing to return the information upon his separation date. MATRIX reasonably believes that McKnight has misappropriated and misused MATRIX's confidential information.

48. As a direct and proximate result of McKnight's breaches of Paragraphs 4 and 8 of the Agreement, MATRIX has suffered and continues to suffer damages.

49. MATRIX is entitled to an award of any and all damages already caused by McKnight's breaches in an amount to be determined and proven at the time of trial.  MATRIX is also entitled to recover its attorneys' fees and the costs of this litigation under the terms of the Agreement.

50. Alternatively, McKnight has acted in bad faith and has caused MATRIX unnecessary trouble and expense. MATRIX is therefore entitled to an award of its attorneys' fees and the costs of this litigation pursuant to O.C.G.A. §13-6-11.

## COUNT IV:  McKnight's Breach of Fiduciary Duties

51. MATRIX repeats and re-alleges each and every allegation set forth above, as if fully set forth herein.

52. McKnight's position while employed by MATRIX included him being a primary point of contact for many of MATRIX's clients, including prospective clients.

53. As such, it was common for McKnight to speak on behalf of MATRIX, present MATRIX's position to existing and prospective clients, and make commitments on MATRIX's behalf.

54. In addition, it was routine for McKnight to negotiate terms of agreements, such as agreements for additional training services, with clients independently, on MATRIX's behalf.

55. McKnight had the authority to speak on MATRIX's behalf and to bind MATRIX to terms regarding professional services that he negotiated independently and therefore acted as MATRIX's agent.

56. As such, McKnight owed MATRIX a duty of loyalty, good faith, and trust, which included, but was not limited to, a duty while employed by MATRIX to act in MATRIX's best interest and refrain from competing with MATRIX or engaging in conduct detrimental to MATRIX.

57. McKnight breached these duties by (1) soliciting MATRIX's clients, on behalf of himself and/or Pivocity while still employed with MATRIX; (2) starting Pivocity and his employment with Pivocity while still employed with MATRIX; and (3) engaging in other similar acts in direct competition with MATRIX while he was still employed with MATRIX.

58. As a direct and proximate result of McKnight's disloyal and unlawful conduct, MATRIX has suffered damages, including the profits MATRIX would have earned on any sales of professional services lost as a result of McKnight diverting opportunities to himself and/or Pivocity while he was still employed

by MATRIX, as well as the compensation paid by MATRIX to McKnight while he was acting for the interest of himself and/or Pivocity, a competitor, rather than MATRIX.

59. MATRIX is entitled to an award of any and all damages caused by McKnight's breaches of his fiduciary duty and duty of loyalty, the exact amount of which will be demonstrated and proved at the time of trial.

60. McKnight profited from his breaches of his fiduciary duty and duty of loyalty to MATRIX and should be required to pay such profits to MATRIX.

61. McKnight's conduct exhibits willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care that would raise the presumption of conscious indifference to consequences, such that MATRIX is entitled to punitive damages in an amount not less than $100,000.

## COUNT V: Pivocity's Tortious Interference

62. MATRIX repeats and re-alleges each and every allegation set forth above as if fully set forth herein.

63. McKnight is subject to the restrictive covenants in the Agreement.

64. Pivocity is aware that McKnight is subject to these obligations set forth in the Agreement, and that McKnight sought to be released from such obligations and MATRIX refused.

65. Under the Agreement, McKnight agreed not to engage in certain competitive activities, including but not limited to solicitation of MATRIX clients, for twelve months following the December 2018 end of his employment.

66. Moreover, under the Agreement, McKnight agreed he would not engage in competitive conduct while employed with MATRIX.

67. McKnight also agreed not to use or disclose MATRIX's trade secrets or confidential information in the Agreement.

68. Pivocity has intentionally interfered with the Agreement by, among other actions, aiding and facilitating McKnight in competing with MATRIX and breaching his obligations in the Agreement.

69. Acting purposefully and with malicious intent, Pivocity intentionally induced McKnight to breach his obligations to MATRIX during and after his employment with MATRIX.

70. As a result of Pivocity's improper actions and wrongful conduct, MATRIX has been and will continue to be damaged in an amount to be determined at trial.

71. MATRIX is entitled to an award of any and all damages already caused by Pivocity's tortious interference in an amount to be determined and proven at the time of trial.

72. Pivocity has acted in bad faith and has caused MATRIX unnecessary trouble and expense. MATRIX is therefore entitled to an award of its attorneys' fees and the costs of this litigation pursuant to O.C.G.A. § 13-6-11.

73. Pivocity's conduct exhibits willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care that would raise the presumption of conscious indifference to consequences, such that MATRIX is entitled to punitive damages in an amount not less than $100,000.

## PRELIMINARY INJUNCTIVE RELIEF SOUGHT

74. McKnight is breaching his contractual and legal obligations to MATRIX by servicing MATRIX clients and soliciting competitive services and misappropriating MATRIX confidential, proprietary, and secrets information learned during his employment with MATRIX. There is an, actual and imminent threat that McKnight will continue to injure MATRIX irreparably if an injunction is not entered enforcing McKnight's contractual and legal obligations to MATRIX.

75. McKnight formed Pivocity while he was employed by MATRIX and immediately began usurping business opportunities in violation of the law.

76. Together McKnight and Pivocity have solicited, prepared proposals for and/or performed work for MATRIX clients during and/or after McKnight's employment with MATRIX.

77. MATRIX has suffered irreparable harm as a result of Defendants' breaches of their contractual and legal obligations.

78. Such continuing injury cannot be quantified or remedied through monetary damages because it includes not only the loss of business, but also the loss of goodwill and confidentiality of information, both of which have value.

79. If not restrained, Defendants' actions will continue to cause irreparable harm and damages to MATRIX.   Accordingly, for the factual reasons alleged above, MATRIX seeks a preliminary and permanent injunction as outlined in the following paragraphs and MATRIX respectfully requests as follows:

> (A)    For preliminary injunctive relief restraining McKnight from using in any manner, or otherwise disclosing to any third party, any and all information in his possession, custody, or control which McKnight received or took from MATRIX;

> (B)    For an order enjoining and restraining McKnight from violating his  restrictive covenants in the Employment Agreement; and

(C)   For an order enjoining Pivocity from using in any manner, or otherwise disclosing to any third party, all information in McKnight's or Pivocity's possession, custody or control which McKnight or Pivocity received or took from MATRIX.

## **PRAYER FOR RELIEF**

Plaintiff seeks judgment against Defendants as follows:

A) That McKnight be preliminarily and permanently enjoined from further violations of the restrictive covenants in the Employment Agreement;

B) That Defendants be preliminary and permanently enjoined from further use or disclosure of MATRIX's trade secrets and/or confidential information;

C) For an order requiring McKnight and anyone acting in concert with him, including Pivocity, to return to MATRIX, and make no use of, all property and information belonging to MATRIX;

D) That MATRIX be awarded a judgment against Defendants in an amount to be determined to include all damages and proved at the time of trial;

E) For an award of Plaintiff's reasonable attorneys' fees and expenses of litigation incurred in pursing this Complaint;

F) That Plaintiff be awarded its costs of suit and an assessment of interest, including prejudgment interest; and

G) For such other relief as this Court deems just, proper and equitable under the circumstances.

Respectfully submitted this 8th day of May, 2019.

*/s/ Tracey T. Barbaree*
Tracey T. Barbaree
GA Bar No. 036792
MOELLER BARBAREE LLP
181 Peachtree Street N.E.
Suite 401
Atlanta, GA  30309
404.748.9122

*Attorneys for Plaintiff*

<u>**CERTIFICATE OF COMPLIANCE**</u>

The undersigned counsel certifies that the foregoing Complaint has been prepared in

Times New Roman 14 point font and is in compliance with Local Rule 5.1 of this

Court.

This 8th day of May, 2019.

*/s/ Tracey T. Barbaree*
Tracey T. Barbaree